# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

David S.,

                Plaintiff,

    v.

Nancy A. Berryhill, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. 3:18-cv-5834-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff David S. filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in failing to properly consider the medical opinion of H. Richard Johnson, M.D. Had the ALJ properly considered the medical opinion evidence, the ALJ may have determined Plaintiff is disabled or included additional limitations in the residual functional capacity ("RFC") assessment. Therefore, the ALJ's error is harmful and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of the

Social Security Administration for Operations ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 10, 2016, Plaintiff filed an application for DIB with a disability onset date of April 17, 2015. *See* Dkt. 7, Administrative Record ("AR") 287-88, 298-99. The application was denied upon initial administrative review and on reconsideration. *See* AR 196-217, 223-28. A hearing was held before ALJ David Johnson ("the ALJ") on July 17, 2017. *See* AR 147-95. In a decision dated October 12, 2017, the ALJ determined Plaintiff to be not disabled. *See* AR 37-58. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) determining Plaintiff had chronic fatigue syndrome; (2) determining Plaintiff did not meet a mental health listing; (3) improperly evaluating the medical opinion evidence; (4) improperly evaluating Plaintiff's subjective symptom testimony; and (5) improperly evaluating the lay witness testimony. Dkt. 9 at 3-4.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I.  Whether the ALJ properly considered all of Plaintiff's impairments at Step Two of the sequential evaluation process.

Plaintiff contends the ALJ erred by finding Plaintiff had chronic fatigue syndrome and by finding Plaintiff did not meet a mental health listing at Step Two of the sequential evaluation process. Dkt. 9 at 2-5.

Step Two of the Administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1522, 416.922 (2017). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. § 140.1521(b)).

At Step Two, the ALJ found Plaintiff had "the following severe impairments: obesity, degenerative joint disease (DJD), degenerative disc disease (DDD), hepatitis C, lumbar sprain strain, spondylosis, radiculopathy, meralgia paresthetica, generalized anxiety disorder (GAD), major depressive disorder (MDD), and pain disorder." AR 42 (internal citations omitted).

First, Plaintiff argues the ALJ erred by finding Plaintiff's pain disorder[1] as a severe impairment due to evidence from Dr. Johnson. Dkt. 9 at 5-6. Plaintiff concedes this issue is "not determinative of the unfavorable decision itself," but because the error at Step Two "sets the stage" for the ALJ's analysis of the medical opinion evidence, Plaintiff's testimony and the lay

---

[1] The Court notes Plaintiff refers to the impairment as chronic fatigue disorder in his Opening Brief, *see* Dkt. 9, however, the ALJ's decision uses the term "pain disorder." *See* AR 42.

witness testimony, the entire sequential evaluation process is tainted and a new sequential evaluation must be undertaken. Dkt. 9 at 5-6. Plaintiff also argues the ALJ erred because he assigned no weight to Dr. Johnson's opinion, which was the sole opinion containing the pain disorder diagnosis.[2] Dkt. 9 at 5-6. Defendant argues the inclusion of an impairment at Step Two is without prejudice because Step Two was decided in Plaintiff's favor. Dkt. 10 at 3-4.

Here, the Court concludes ALJ's error with respect to Plaintiff's pain disorder was harmless. *See Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). While failing to list a severe impairment at Step Two could potentially mean an ALJ fails to consider an entire category of impairments (i.e. physical or mental), here the ALJ's alleged error was one of over-inclusion. Moreover, because the ALJ found other physical and mental impairments to be severe, AR 43, he proceeded with the remaining steps of the sequential evaluation process. Plaintiff has failed to demonstrate the ALJ's inclusion of Plaintiff's pain disorder at Step Two impacted the ALJ's analysis of his testimony, consideration of the lay witness testimony or at the subsequent steps of the analysis. Accordingly, the Court finds no prejudicial error at Step Two.

Next, Plaintiff contends the ALJ erred because the ALJ's decision "conducts a cursory analysis of the 'Paragraph B' criteria for evaluation of mental health impairments." Dkt. 9 at 6. The Social Security Regulations set forth a specific procedure for evaluating mental impairments. 20 C.F.R. § 404.1520a(a). This procedure applies "at each level in the administrative review process," including the ALJ's written decision issued after a hearing. *See id.* According to this procedure, the ALJ first must determine whether or not a medically-determinable mental

---

[2] The Court addresses the weight assigned to Dr. Johnson's opinion in Section II.A., *infra.*

impairment exists by evaluating the relevant symptoms, signs and laboratory findings. 20 C.F.R. § 404.1520a(b)(1); *see also* 20 C.F.R. §§ 404.1508, 404.1528.

Once it is determined a mental impairment exists, the ALJ "must rate the degree of functional limitation resulting from the impairment(s)." 20 C.F.R. § 404.1520a(b)(2). The ALJ must also rate the degree of functional limitation in activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The regulations require the ALJ rate the degree of functional limitation in the four areas described above. *Id.* As quoted by the Ninth Circuit, the ALJ's written decision "'*must* incorporate the pertinent findings and conclusions based on the technique,' and '*must* include a specific finding as to the degree of limitation in each of the functional areas.'" *Keyser*, *supra*, 648 F.3d at 725 (quoting 20 C.F.R. § 404.1520a(e)(4)) (emphasis added by Ninth Circuit) (other citation omitted).

If the ALJ rates the degree of a claimant's limitation as "none" or "mild", the ALJ will generally conclude the claimant's impairment(s) is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *See* 20 C.F.R. § 404.1520(d)(1). An impairment or combination of impairments "can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling ("SSR") 85-28)).

Here, the ALJ discussed Plaintiff's mental impairments and related medical history at Step Two but determined Plaintiff's mental impairments were non-severe impairment because Plaintiff only had mild to moderate limitations in mental functioning. AR 43-44. The ALJ cited

to specific evidence supporting his rationale and noted "no State agency psychological consultant concluded that a mental listing is medically equaled." AR 44.

To support his assertion the ALJ erred by failing to find his mental impairments were severe, Plaintiff points to his presentation at the hearing "which made it clear that [Plaintiff] has trouble interacting with others, as he had to be told repeatedly to stop interrupting his attorney during questioning." Dkt. 9 at 6. Plaintiff fails, however, to point to any evidence in the record showing his mental impairments significantly limits his ability to conduct basic work activities. *See id.*; *see also* 20 C.F.R. §§ 404.1522, 416.922 (an impairment is "not severe if it does not significant limit your mental ability to do basic work activities," such as "understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.") (internal numerical listing omitted). To the contrary, evidence in the record indicates Plaintiff's mental impairment had – as the ALJ found – little to no impact on his ability to conduct basic work activities. *See* AR 1250 (mild limitation in understanding, remembering or applying information and generally normal attention, concentration, recent and remote memory); AR 342, 346-47 (Plaintiff reported no limitations in understanding and only mild limitations in adapting or managing himself). And although Plaintiff contends interrupting his attorney during the hearing demonstrates a limitation which would meet one of the mental listings, Dkt. 9 at 6, Plaintiff has not shown how this evidence translates into an extreme or even marked limitation. *See* 20 C.F.R. Pt. 404 Subpt. P, App. 1 at 12.00.F.2 (claimant satisfies Paragraph B criteria by showing his "mental disorder … result[s] in extreme limitation of one or marked limitation of two, paragraph B areas of mental functioning.").

In light of Plaintiff's lack of explanation, as well as the contradictory evidence in the record, Plaintiff failed to show the ALJ harmfully erred with respect to his mental impairments. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld); *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (the claimant bears the burden of proof at Step Two); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (holding the ALJ did not err by not classifying an impairment as severe at Step Two because "the medical record does not establish any work-related limitations as a result of this impairment").

II. Whether the ALJ erred in assessing the medical opinion evidence.

Plaintiff alleges the ALJ failed to properly consider the medical opinion evidence of Bryan Marchant, M.D., Eugene Wong, M.D., Ramon Perez, D.O., Linda Wray, M.D., Theresa McFarland, M.D., Howard Platter, M.D., H.R. Johnson, M.D., and John Blair, M.D. Dkt. 9.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A. Examining Physician, Dr. Johnson

Plaintiff argues the ALJ erred in assigning no weight to the opinion of examining physician, Dr. Johnson. Dkt. 9. In April 2017, Dr. Johnson examined Plaintiff. AR 1394-1440. Dr. Johnson opined Plaintiff was unemployable at any work level until he completed treatment. AR 1439. Dr. Johnson recommended Plaintiff obtain a second opinion from another spine surgeon, and if the second surgeon agreed Plaintiff is not a candidate for surgery, Plaintiff should attend a chronic pain management program. AR 1439. Upon completion of the program, Dr. Johnson recommended Plaintiff undergo physical therapy and then be assigned a vocational counselor to assist Plaintiff with retraining for lighter duty work. AR 1439.

Dr. Johnson found Plaintiff is currently not at maximum medical improvement ("MMI"), and as a result, an impairment rating was not appropriate. AR 1439. However, Dr. Johnson opined if Plaintiff *was* declared to be at MMI, he meets the criteria for Category 3 of Wash. Admin. Code § 296-20-280. AR 1439. Category 3 is defined as: "Mild low back impairment with mild continuous or moderate intermittent objective clinical findings of such impairment but without significant x-ray findings or significant objective motor loss." WAC § 296-20-280. In discussing Plaintiff's impairment rating, Dr. Johnson stated, "[i]t is important to distinguish between impairment and disability. Impairment is not a factor of ability to work. Impairment is not disability and does not imply disability. There is no correlation between impairment percentage for a worker's injury and whether or not an individual can work or is working." AR 1439.

The ALJ rejected Dr. Johnson's opinion because: (1) Dr. Johnson lacked vocational expertise and Dr. Johnson made assertions Plaintiff's impairments were not factors in his ability

to work and (2) his opinion was inconsistent with the opinions of other physicians and the objective evidence. AR 49.

      1. Vocational Expertise and Terminology

First, the ALJ afforded no weight to Dr. Johnson's opinion because Dr. Johnson "lacks vocational expertise from which to draw a conclusion about which occupations were or were not precluded." AR 49. The ALJ noted Dr. Johnson's opinion "is in categorical terms rather than functional terms, so it is of little helpfulness in understanding the claimant's functional limitations and abilities." AR 49. The ALJ further noted Dr. Johnson "made assertions that impairments were not factors in the ability to work and that there is no correlation between percent of impairment and ability to work." AR 49 (citing AR 1439).

Dr. Johnson's opinion states Plaintiff is "unemployable at any work level until he has completed the [] recommended treatment." AR 1439. However, Dr. Johnson's opinion does not attempt to demonstrate expertise similar to a vocational expert. For example, Dr. Johnson did not state an opinion as to whether Plaintiff could perform his prior work or other jobs in the national economy, or the mental and physical demands of Plaintiff's past relevant work. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir. 2005); 20 C.F.R. § 416.960(b)(2) (ALJ may rely on a vocational expert's "expertise and knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed."). *See* AR 1439. Thus, the Court interprets Dr. Johnson's opinion as medical, not vocational. *See McLeod v. Astrue,* 640 F.3d 881, 885 (9th Cir. 2011) ("A treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information, but a treating physician ordinarily does not consult a vocational expert or have the expertise of one.").

1       The ALJ reasoned Dr. Johnson's opinion was couched in categorical terms instead of functional terms and rejected it on this basis. AR 49. While the ALJ was entitled to reject Dr. Johnson's impairment rating to the extent it was a conclusion about Plaintiff's disability for workers' compensation purposes, the ALJ failed to distinguish the other portions of Dr. Johnson's opinion which represent medical findings. *See Coria v. Heckler,* 750 F.2d 245, 247–48 (3d Cir. 1984) (explaining because of differences in the definition of "disability" in the state workers' compensation and Social Security contexts, "the ALJ could reasonably disregard so much of the physicians' reports as set forth [in] their conclusions as to [plaintiff's] disability for workers' compensation purposes," but objective medical evidence in reports elicited for workers' compensation should be evaluated by the same standards as medical evidence in Social Security reports).

      Defendant argues Dr. Johnson's attempt to distinguish the severity of an impairment from the determination of a disability is at odds with how the Social Security Administration assesses disability and the ALJ's finding was "obviously reasonable" because a statutory definition of disability anticipates a correlation between an impairment and a claimant's ability to work. Dkt. 14 at 12 (citing 42 U.S.C. §§ 416(i)(l) and 423(d)(1)(A)). However, the Court disagrees with Defendant's interpretation. Rather, the Court's review of Dr. Johnson's opinion indicates he could not make a final determination on Plaintiff's impairment rating because he was still undergoing treatment, not because Plaintiff did not demonstrate any impairments. AR 1439.

      Moreover, to the extent the ALJ rejected Dr. Johnson's opinion because it was made in the context of state workers' compensation guidelines and utilized a different set of terminology, which is not the same criteria to determine disability under the Social Security Act, this is not a specific or legitimate reason to discount the opinion. *See Berry v. Astrue*, 622 F.3d 1228, 1236

(9th Cir. 2010) (the fact the Social Security Administration is not bound by a Department of Veterans Affairs decision—because their governing rules differ—is not a persuasive, specific, or valid reason to discount that decision). Rather, an ALJ "*may not* disregard a ... medical opinion simply because it was initially elicited in a state workers' compensation proceeding...." *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) (emphasis added); *Bosley v. Shalala,* 879 F.Supp. 296, 304 (W.D.N.Y. 1995) (stating "the ALJ was not entitled to ... disregard, or neglect to articulate reasons for rejecting, either the opinions or the objective medical findings contained in" a treating physician's reports, even though those reports were prepared for a workers' compensation case) (citations omitted).

Instead, an ALJ must evaluate the medical records prepared in the context of workers' compensation in the same way he would evaluate records obtained otherwise. *Booth,* 181 F.Supp. 2d at 1105 (citing *Coria v. Heckler,* 750 F.2d 245, 248 (3d Cir. 1984)) ("[T]he ALJ should evaluate the objective medical findings set forth in the medical reports for submission with the workers' compensation claim by the same standards that s/he uses to evaluate medical findings in reports made in the first instance for the Social Security claim"). The ALJ is obliged to "translate" the workers' compensation findings into the applicable Social Security terminology "in order to accurately assess the implications of those opinions for the Social Security disability determination." *Id.* (citing *Desrosiers v. Sec'y of Health and Human Srvcs.,* 846 F.2d 573, 576 (9th Cir. 1988)). Although the "translation" need not be explicit, the decision "should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence." *Id.*

Accordingly, the Court concludes this is not a specific and legitimate reason to discount Dr. Johnson's opinion.

### 2. Inconsistent with other opinions and the objective evidence

The ALJ also indicated Dr. Johnson's opinion was inconsistent with other physicians, as well as objective evidence in the record. AR 49. However, even if there are differences between the observations and clinical findings among several physicians, the ALJ must explain *why* one is more credible than another. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he rejects a medical opinion or assigns it little weight when asserting without explanation another medical opinion is more persuasive). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison,* 759 F.3d at 1012 (internal quotation marks and citation omitted). Here, the ALJ's conclusory statement finding Dr. Johnson's opinion is inconsistent with other opinions and the objective evidence in the record is insufficient. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

As the ALJ failed to provide any specific, legitimate reason, supported by substantial evidence, to reject the opinion evidence from Dr. Johnson, the RFC and hypothetical questions posed to the vocational expert may have contained greater limitations with proper consideration of Dr. Johnson's opinion. For instance, Dr. Johnson opined Plaintiff was unemployable at any level. AR 1439. Hence, the ALJ's errors were not harmless. *See Molina*, 674 F.3d at 1117 ("[H]armless error principles apply in the Social Security context."); *Carmickle,* 533 F.3d at

1162 ("the relevant inquiry in this context is . . . whether the ALJ's decision remains legally valid, despite such error").

On remand, the ALJ is directed to re-evaluate Dr. Johnson's opinion. If the ALJ intends to discount the weight assigned to this opinion, he shall provide reasons supported by substantial evidence in the record for doing so.

B.  Drs. Blair, Marchant, Thorson, Wong, Perez, Wray, and McFarland

Plaintiff also contends the ALJ erred in his evaluation of the opinions of Drs. Marchant, Wong, Perez, Wray, McFarland, Blair, and Thorson, all of which evaluated Plaintiff in the context of his workers' compensation claim. Dkt. 9. The ALJ assigned great weight to the opinions of Drs. Marchant, Wang, Perez, Wray, and McFarland. AR 48-49. The ALJ assigned some weight to the opinion of Dr. Thorson. AR 48. The ALJ assigned no weight to the opinion of Dr. Blair. AR 49. Plaintiff argues because the remaining medical opinions were also provided in the context of Plaintiff's workers' compensation claim, if the ALJ assigned no weight to Dr. Johnson's opinion because it did not address the proper Social Security framework, then all of the other medical opinions should similarly be assigned little to no weight. Dkt. 9 at 7.

As previously stated, the Court concludes the ALJ committed harmful error in assessing the medical evidence of Dr. Johnson. *See* Section II.A., *supra*. Plaintiff will be able to present new evidence and testimony on remand, and proper consideration of the medical opinion evidence of Dr. Johnson may impact the ALJ's assessment of the remaining medical evidence, particularly with respect to the ALJ's consideration of these opinions in the workers' compensation context. Thus, the ALJ shall re-evaluate all the medical opinion evidence on remand, as necessitated by his new evaluation of Dr. Johnson.

  III.  Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony and the lay witness testimony.

  Plaintiff contends the ALJ erred in evaluating Plaintiff's subjective symptom testimony and the lay witness testimony. Dkt. 9. As previously stated, the Court concludes the ALJ committed harmful error in assessing the medical evidence. *See* Section II, *supra*. Because Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's subjective symptom testimony and the lay witness testimony, the Court declines to consider whether the ALJ erred with respect to Plaintiff's testimony and the lay witness testimony. Instead, the ALJ shall reassess Plaintiff's subjective symptom testimony and the lay witness testimony as necessary on remand.

  IV.  Whether the RFC and Step Five findings are supported by substantial evidence.

  Plaintiff maintains the RFC and Step Five findings are not supported by substantial evidence. Dkt. 9 at 3-4. The Court has found the ALJ committed harmful error and has directed the ALJ to reassess medical opinion evidence, Plaintiff's subjective symptom testimony, and the lay witness testimony on remand. *See* Sections II.-III., *supra*. Hence, the ALJ shall reassess the RFC on remand. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is directed to re-evaluate Step Five to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform given the RFC. *See Watson v. Astrue*,

2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the VE defective when the ALJ did not properly consider two physicians' findings).

V. Whether an award of benefits is warranted.

Lastly, Plaintiff requests the Court remand this case for an award of benefits. Dkt. 9 at 3.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error and has directed the ALJ to re-evaluate medical opinion evidence from Dr. Johnson, Plaintiff's subjective symptom testimony, the lay witness testimony, the RFC, and the Step Five findings on remand. Because outstanding issues remain regarding the medical evidence, Plaintiff's testimony, the lay witness testimony, the RFC, and Plaintiff's ability to perform jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 18th day of April, 2019.

David W. Christel
United States Magistrate Judge